**As Amended on September 11, 1984**

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

IN RE THE MATTER OF ANTONIO P.  )  DISCIPLINARY CASE NO. 1-82
VILLANUEVA,                )  DCA CASE NO. 83-9001
                            )
    Trial Assistant/Appellant. )        OPINION
_____)

Appeal from the Disciplinary Panel of the
Commonwealth Trial Court for the Northern Mariana Islands
Argued and Submitted January 20, 1984

Judges Hefner, Soll, and Moore, Presiding

BEFORE: Judges LAURETA, KEEP and LANE.[*]

LANE, Judge Designate:

The appellant has appealed from a three-judge Disciplinary Panel Order of the Trial Court of the Commonwealth of the Northern Mariana Islands.

---

[*]Honorable Alan L. Lane, Associate Justice, Supreme Court of the Republic of Palau, designated by the Chief Judge of the Commonwealth Trial Court in accordance with P.L. 1-5 and sitting on this panel in compliance with the requirements of 48 USC §1694b.

954

The Disciplinary Panel ordered among other things not subject to this appeal, that appellant be suspended from practicing law as a trial assistant in the Commonwealth for his conviction of 28 U.S.C., 952(a) and 960. The period of suspension follows the term of probation imposed in Criminal Case No. 83-00022, District Court, Guam. In addition to the foregoing, the Panel ordered that appellant take and pass the Professional Responsibility Examination administered by the Commonwealth Trial Court before he may again commence to practice as a trial assistant. The Panel also placed certain restrictions on appellant's practice of law after his term of suspension is lifted. Appellant's conduct leading to the disciplinary action taken by the Panel is not in issue.

The issues presented for review are:

1. Does the District Court of Appeals for the Northern Mariana Islands have jurisdiction in this matter?

2. Did the Disciplinary Panel err by placing restrictions on appellant's practice when and if he practices law as a trial assistant after his suspension is lifted?

3. Was appellant's term of suspension an abuse of discretion?

4. Was the requirement that appellant take and pass the Professional Responsibility Examination before his suspension will be lifted an abuse of discretion?

///

///

955

## APPELLATE JURISDICTION

Appellee challenges the jurisdiction of this Court to hear an appeal from the Disciplinary Panel Order of the Commonwealth Trial Court. It is argued that the Disciplinary Panel's action is an administrative proceeding, the results of which must be confirmed by the Commonwealth Trial Court before the issue may be appealed to this Court. Appellee contends that appellant must first file such an action with the Trial Court before any decision may be considered final for purposes of appellate review. We disagree.

Disciplinary matters for attorneys and trial assistants are unique proceedings within the authority and control of the courts. The courts have the inherent power to regulate the practice of law, whether in or out of court. The question presented here is whether or not the Disciplinary Panel's Order is considered a final judgment of the Trial Court which may be appealed to this Court.

The Commonwealth Trial Court, pursuant to Public Law No. 1-5 and the Constitution, along with its inherent power, has prescribed Rules of Court for disciplinary cases. These Rules create a procedure whereby the matter of discipline is heard and decided by a panel of three Commonwealth Trial Court judges. The Rules do not limit the Panel's scope of inquiry or power of enforcement.

///

///

956

Since the Rules confer the matter of discipline on a panel of three trial court level judges, all decisions reached are to be considered final for purposes of appellate review. A further proceeding at the trial level would be redundant and of no consequence as jury trials are not afforded in such cases. Therefore, this Court has jurisdiction.

## LIMITATIONS OF PRACTICE

The issue involving the purported "rule making" by the Disciplinary Panel is misleading in that the limitations imposed pertain only to appellant, although there is language in the Panel's Order to the effect that all trial assistants are on notice that the Panel is defining the guidelines, limitations, and restrictions on trial assistants. It is clear that the Panel has imposed a condition of readmission on appellant by restricting his practice of law. This proviso cannot be construed as "rule making" for all trial assistants.

In its Order, the Panel refers to existing Rules and Orders of the Trust Territory High Court with respect to trial assistants and their limitations. The problem surfaces when the Panel attempts to redefine or expand upon these already existing Rules. Interpreting the Rules on a case by case basis is one thing, but to read additional limitations into those Rules based on modern local needs is another. The limitation of practice cannot be considered a sanction as there is no definite term, nor can it be probation, for the same reason.

We are of the opinion that the Disciplinary Panel, in its Order, attempted to enhance and expand the limitations placed on trial assistants by the Trust Territory High Court. Article IV, § 8 of the Commonwealth Constitution provides:

> "Section 8: Rule-Making Power. The judiciary of the Commonwealth may propose rules governing civil and criminal procedure, judicial ethics, admission to and governance of the bar of the Commonwealth, and other matters of judicial administration. A proposed rule shall be submitted promptly to the legislature and shall become effective sixty days after submission unless disapproved by a majority of the members of either house of the legislature. Until rules are established under this section, the rules of the High Court of the Trust Territory of the Pacific Islands shall apply in the Commonwealth courts."

To attempt an expansion of the existing Rules by Panel Order would circumvent the constitutional mandate of Article IV, § 8.

If it is necessary to further restrict and redefine the role of the trial assistant in the Commonwealth, the Trial Court should enact its own Rules of Admission and Practice in accordance with the Constitution and the laws of the Commonwealth. With respect to the instant case, the restrictions of practice placed on appellant after his suspension is lifted should be stricken from the Order.

///

///

///

///

958

## TERM OF SUSPENSION

Appellant's term of suspension from practicing law as a trial assistant is related to the term of probation ordered in his criminal case. The Disciplinary Panel has broad discretion in prescribing terms of discipline as it is in the public interest to insure that attorneys and trial assistants meet the highest possible standards in the legal profession. The Court, to control the conduct of its own affairs and to maintain its own dignity, has the inherent power, independent of statute, to deal with any alleged misconduct in a just and equitable manner. Finch v. State Bar of California (1981) 28 Cal.3d 659, 170 Cal. Rptr. 629, 621 P.2d 253. The purpose of such discipline is to protect the public and those charged with the administration of justice, rather than punish the attorney or trial assistant.

The four year suspension, or suspension for the term of probation in the criminal case, appears to have a rational connection to the public interest in preventing an officer of the court from practicing law when his integrity has been tainted while on criminal probation. Of course, the Panel in its Order expressly left open the possibility of modification of the term of suspension at a future time. We, therefore, hold that the term of appellant's suspension is reasonable.

///

///

///

///

959

## PROFESSIONAL RESPONSIBILITY EXAMINATION

The last question presented involves the requirement that appellant take and pass the Professional Responsibility Examination before his suspension is lifted. This issue may be answered by similar rationale as stated in the previous section entitled Term of Suspension. Professional responsibility is the basic requirement for all attorneys, trial assistants, and other officers and administrators of the court in order to maintain the highest possible level of morality in the judicial system. It is recognized, as appellant points out, that he is not educated as a lawyer. He is, however, held to the same ethical standards as a lawyer. In order to maintain this level of ethical competence, a trial assistant must be familiar with and comply with those standards. Therefore, in view of the present violation of this ethical responsibility, it is reasonable to require that appellant pass the Professional Responsibility Examination before his suspension is lifted.

///
///
///
///
///
///
///
///
///

960

## CONCLUSION

The Order of the Disciplinary Panel is modified by striking the restrictions of practice imposed on appellant after his term of suspension is satisfied. With this modification included, the Order of the Disciplinary Panel is affirmed.

ALFRED LAURETA
District Judge

JUDITH N. KEEP
District Judge

ALAN L. LANE
Judge Designate

961

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

IN RE THE MATTER OF ANTONIO ·   )    DISCIPLINARY CASE NO. 1-82
P. VILLANUEVA,                )    DCA CASE NO. 83-9001
                           )
      Trial Assistant/Appellant.)    DECISION RE MOTION FOR
                           )          REHEARING

BEFORE: Judges LAURETA, KEEP and LANE*

PER CURIAM:

      We have considered the petition for rehearing and amend our opinion of April 2, 1983 as follows:

      Page 1, line 11: Insert the word "AMENDED" before the word "OPINION".

      Page 4: Delete the entire paragraph that commences with the word "Since" on line 1 and ends with the word "jurisdiction." on line 6, and substitute therefore the following paragraph:

----

*Honorable Alan L. Lane, Associate Justice, Supreme Court of the
Republic of Palau, designated by the Chief Judge of the Common-
wealth Trial Court in accordance with P.L. 1-5 and sitting on
this panel in compliance with the requirements of 48 U.S.C.
§ 1694b.

"The statute regarding the appellate jurisdiction of this Court (1 CMC § 3301) provides for jurisdiction of "all appeals from final judgments, final orders, and final decrees in criminal cases and civil cases and proceedings." On its face, the statute appears to be drafted as broadly as possible. There are no exceptions and no other appellate tribunals. To adopt appellees argument would be to deprive a class of persons such as appellant review of what is readily termed a "proceeding" of the trial court. There is no indication of such intent in the statute nor in the structure of the Commonwealth judicial system. Accordingly, this Court has proper jurisdiction to hear this appeal."

Page 5: Delete the entire paragraph that commences with the word "If" on line 16 and ends with the word "order." on line 22, and substitute therefore the following six paragraphs:

"In its Order, the Disciplinary Panel attempts to define the existing rules applicable to the legal practice of trial assistants in several respects. We address each in turn in order to ensure the clarity of our opinion.

"First, the Panel orders that trial assistants are to be bound by the rules and regulations in existence at the time of the adoption of P.L. 1-5. That trial assistants are so bound is clearly indicated in Art. IV, § 8 of the Constitution and in Section 3 of P.L. 1-5 and is beyond dispute. The order is nothing more than a reiteration of existing rules.

"Second, the Order requires that trial assistants use

963

only the designation "Trial Assistant" in the performance of their functions. Under Rule 3(f) of the Rules of Criminal Procedure (reprinted in Trust Territory Code (1965 revision) at preface pages 73-74) "a person ... listed as a trial assistant shall not represent to anyone that he is a lawyer or an attorney-at-law, but may state that he is a duly authorized trial assistant." This limitation is applicable in civil proceedings as well under Rule 23 of the Rules of Civil Procedure (reprinted in Trust Territory Code (1965 revision) at preface pages 63-64). These rules of the High Court apply in the Commonwealth by way of the transitional provisions of Art. IV, § 8. Accordingly, the identical limitation reasserted in the Order is proper.

"Third, the Panel limits the criminal practice of trial assistants to misdemeanors. Under "Amendment No. 1 to Standards of Admission for Attorneys to Practice in the Courts of the Trust Territory", "no Trial Assistants will be permitted to prosecute or defend any criminal case in the Trial Division or Appellate Division of the High Court." This order limited the practice, then, of trial assistants to the Trust Territory district courts. By an Order of the High Court dated May 5, 1978 all felony cases were to be filed in the High Court. Thus, the practice of trial assistants was effectively limited to misdemeanor cases. The Panel's Order is a proper clarification.

"Fourth, the Order allows a judge to remove a trial assistant from further participation in a case if it appears to the judge that a party cannot be adequately represented by a

trial assistant. Again, this limitation originally appeared in "Amendment No. 1", supra, and is appropriate.

"Lastly, the Panel's Order includes the following:

> The very term "Trial Assistant" indicates that the services to be performed are trial oriented and he may not conduct a general law practice such as the drafting of wills, deeds, contracts, or the giving of legal advice.

However, the only existing rules state:

> f. Trial Assistants. Any person who is not a lawyer and who wishes to act as counsel in more than one or two cases a year in the Trust Territory Courts, shall be examined personally by the Trial Division of the High Court, which shall make such investigations as it deems necessary of the person's character and training. If he is found suitable, the Trial Division of the High Court shall order him listed in the Clerk of Courts' office in the District in which he wishes to act principally as a "trial assistant," upon his signing and swearing to the oath set forth in the preceding paragraph. His signed oath, with the certificate of the official administering the oath, shall be filed in the Clerk's office where the trial assistant is listed, and no court having knowledge of this shall require him to take the oath over again except for special cause. A person so listed as a trial assistant shall not represent to anyone that he is a lawyer or an attorny-at-law, but may state that he is a duly authorized trial assistant.

Rules of Criminal Procedure 3(f), supra. We are of the opinion that while the limitation sought to be imposed may well be a

965

necessary and desirable regulation of the practice of trial assistants, it is nonetheless a limitation which exceeds any reasonable construction of existing rules. Thus, to be of legal effect, it must be promulgated in accordance with Art. IV, § 8 of the Constitution. Accordingly, this restriction on appellant is lifted and the general limitation is stricken from the Order."

Page 8: Delete the paragraph commencing with the word "The" and ending with the word "affirmed." and substitute therefore the following paragraph:

"The Order of the Disciplinary Panel is affirmed with the modification set forth in this opinion."

_____
JUDGE ALFRED LAURETA

_____
JUDGE JUDITH N. KEEP

_____
JUDGE ALAN L. LANE